IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HIGHWAY COMMERCIAL SERVICES, INC. ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MIDWEST TRAILER REPAIR, INC. ) <br> ) <br> **Defendant.** ) | No.   08 CV 3445 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BY DEFENDANT MIDWEST TRAILER REPAIR, INC.**

Defendant, MIDWEST TRAILER REPAIR, INC. ("Midwest"), for its Memorandum in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

**INTRODUCTION**

On June 16, 2008, Plaintiff HIGHWAY COMMERCIAL SERVICES, INC. ("Highway") filed its Complaint for damages it allegedly sustained in the course of entering into a sales agreement with MIDWEST for the purchase of seventeen (17) trailers in order to satisfy a pre-existing lease agreement with Michael Zitis ("Zitis"). Plaintiff's Complaint contains three (3) counts against MIDWEST: breach of fiduciary duty, breach of contract, breach of duty by bailee. As set forth below, the Complaint's skeletal factual allegations fail to satisfy even the liberal pleading requirements set forth in the federal rules. Plaintiff's attempt to indemnify losses incurred through a soured business relationship with a third party borrower should be rejected, and all Counts should be dismissed as to MIDWEST.

## BACKGROUND

Plaintiff is an Ohio corporation which engages in the business of leasing tractors and trailers. (Plff's Comp. ¶1). MIDWEST is an Illinois corporation which engages in the business of buying and selling trailers. (Plff's Comp. ¶2). On or about September 30, 2005, Plaintiff entered into an agreement to lease Zitis seventeen (17) trailers. (Plff's Comp. ¶6-7). A copy of the Vehicle Lease Agreement is attached as Exhibit A to Plaintiff's Complaint. Subsequently, "in December 2005, Plaintiff and Defendant entered into an agreement whereby" $160,520.00 was wire-transferred into Defendant's account "for the purchase of seventeen (17) trailers." (Plff's Comp. ¶5). Titles to the seventeen (17) trailers were released to Zitis, or to Freight Star Landlines, Inc. (Plff's Comp. ¶8).

Plaintiff originally filed action in the Court of Common Pleas in Franklin County, Ohio under case number 07 CVH 11-14910. A copy of Plaintiff's Ohio Complaint is attached to this pleading as Exhibit A. In Plaintiff's Ohio Complaint, Zitis was named co-Defendant for fraudulently obtaining title of the trailers. Specifically, Count II of the Ohio Complaint states:

> 14. Defendant, Michael Zitis, for and on behalf of himself, and the Defendant, Freight Star Landlines, Inc., received from the Defendant, Midwest Trailer Repair, Inc., the titles to the seventeen (17) trailers purchased by the Plaintiff and represented that the titles would be delivered to Plaintiff, Highway Commercial Services, Inc.

15. Defendant, Michael Zitis, falsely maliciously, and deliberately represented that the titles to the seventeen (17) trailers in question would be delivered to the Plaintiff, Highway Commercial Services, Inc.

16. When the Defendant, Michael Zitis, made such representations, he knew that the representations were false.

17. Said representations were material to the transaction in that the Vehicle Lease Agreement attached hereto as Exhibit "A" provides that ownership of and title to all vehicles shall be and remain in Highway Commercial Services, Inc., notwithstanding possession and use thereof by the Defendant.

18. Defendant, Michael Zitis, made the aforesaid representations with the intent to induce and mislead Plaintiff.

19. Justifiably relying on the aforesaid representations, Plaintiff agreed to purchase the seventeen (17) trailers from the Defendant, Midwest Trailer Repair, Inc., and to lease the seventeen (17) trailers to the Defendant, Michael Zitis.

(Plff's Ohio Comp. ¶14-19)

The action in Franklin County was removed to the United States District Court for the Southern District of Ohio, where the case was subsequently dismissed against MIDWEST without prejudice. The Dismissal Order is attached to this pleading as Exhibit B. Thereafter Plaintiff filed the current Complaint.

In the case at bar, Plaintiff no longer lists Zitis as a Defendant. Moreover, Plaintiff completely absconds Zitis' allegedly fraudulent conduct and his central role in the case. While Zitis' fraudulent conduct stood as the cornerstone of Plaintiff's Ohio

Complaint, these allegations stand noticeably absent from the Complaint currently before this Court. In failing to make any mention of these facts, Plaintiff depicts a dangerously misleading account vastly dissimilar from that of the Ohio Complaint. Plaintiff cannot in good faith reconcile these two pleadings. As illustrated by Plaintiff's Ohio Complaint, the myopic focus on Defendant is misguided and misplaced.

Plaintiff's Complaint is premised entirely on the allegation that in exchange for the mutually agreed upon sale price "and other consideration, the agreement provided that Midwest would title the seventeen (17) trailers in the name of Highway." (Plff's Comp. ¶5). No documentation or alternative evidence of the agreement between Plaintiff and Defendant is attached to Plaintiff's Complaint. Additionally, Plaintiff, in its Complaint, contends that it has "demanded" delivery of the titles but that Midwest "has failed or refused to deliver such titles to the Plaintiff." (Plff's Comp. ¶8). Accordingly, there is no documentation of these complaints. As a result, Plaintiff asserts a number of claims against MIDWEST, including breach of fiduciary duty, breach of contract, and breach of duty by bailee. (Plff's Comp. Counts I-III).

## ARGUMENT

A. **Plaintiff's Complaint fails to allege anything more than an arms' length business agreement with Defendant and therefore fails to prove a fiduciary relationship.**

In Illinois, there is a lofty burden of proof on the moving party when alleging a fiduciary relationship. In general, a "fiduciary relationship involves confidence and trust on one side and dominance and influence on the other." *Carey Electric Contracting v. First Bank of Elgin*, 74 Ill.App.3d 233, 237-38 (2nd Dist. 1979). Fiduciary relationships may be "found in cases where one party is heavily dependent upon the advice of another.

The existence of such a fiduciary relationship must be shown by proof so clear and convincing, so strong, unequivocal and unmistaken that it leads to only one conclusion." *Id.* at 238.

Because a standard transaction is done at arms' length, "most business relationships do not of themselves create fiduciary obligations." *Gutfreund v. Christoph*, 658 F.Supp. 1378, 1394 (7th Cir. 1987). For instance, "normal trust between friends or businesses, plus a slightly dominant business position, do not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship." *Carey*, 74 Ill.App.3d at 238. Prior to *Carey*, there was a greater reliance on the factual circumstances in assessing whether a fiduciary relationship existed; however, "it is beyond question that even the most liberal notice pleading rules require some facts to substantiate the claims made. Purely conclusory allegations are insufficient." *Ambrosino v. Rodman & Renshaw, Inc.*, 635 F.Supp. 968, 972 (7th Cir. 1986).

In Count I of Plaintiff's Complaint, Plaintiff alleges nothing more than a standard business transaction with Defendant yet concludes that Defendant breached its fiduciary duty. The Complaint contains no facts which remotely suggest Defendant's unfair negotiating power or dominance over Plaintiff. Plaintiff admits to being in the "business of leasing tractors and trailers," which by implication signifies experience in the purchase and leasing of similar machinery. (Plff's Comp. ¶1). Defendant does not owe Plaintiff fiduciary duties for the trailers sold in 2005.

C.   **Plaintiff's Complaint fails to allege the necessary elements of a contractual agreement or to attach a written contractual agreement with MIDWEST, therefore Plaintiff's breach of contract claim should be dismissed.**

Pursuant to Illinois law, "the elements of a breach of contract cause of action are '(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages.'" *Assoc. Benefit Serv., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849; *quoting MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill.App.3d 6 (2006). Additionally, "the definite and certain terms requirement serves several important purposes, chief among them to ensure that the parties in fact have reached an agreement and to provide courts with a basis for enforcing the obligations that the parties sought to impose upon one another." *Id.* at 850.

Here, Plaintiff's Complaint makes certain vague allegations of a contract, but fails to articulate any definitive terms of the agreement. While Plaintiff's agreements with Zitis are attached to the Complaint (Plff's Comp Exhibits A-C), these agreements make no mention of Defendant or Defendant's obligations to either party. Plaintiff contends that Defendant "breached the terms of the agreement," yet no definite and certain terms are set forth in Plaintiff's Complaint. (Plff's Comp. Count II). The facts, as pleaded, provide a vague depiction of an uncertain series of transactions which Plaintiff claims bound Defendant to various unstated contractual obligations. Under Illinois law, "where the subject matter of the contract has not been decided upon and there is no standard available for reasonable implication, courts ordinarily refuse to supply the missing terms." *Assoc. Benefit Serv., Inc.*, 493 F.3d at 852; *quoting Academy Chicago Publishers v. Cheever*, 144 Ill.2d 24 (1991).

The case at bar is similar to *Murphy v. White Hen Pantry* where the 7th Circuit Appellate Court held that "it is axiomatic that even to arguably allege a claim based on breach of contract, the complaint must make some reference to the written agreement between the parties." 691 F.2d 350, 353 (7th Cir. 1982). In *Murphy*, after purchasing a franchise agreement from the defendants, plaintiff brought a breach of contract claim. In granting the defendant's motion for summary judgment, the court reasoned that the plaintiff's complaint was "nearly devoid of all mention of the specific provisions of that document." *Id.* Furthermore, while "the liberal pleading policy in the Rules prevents dismissal of a meritorious action for purely formal or technical reasons," the court is not required "to speculate over the nature of the plaintiff's claim or to refuse to enter summary judgment for the defendant simply because the plaintiffs may, theoretically, be entitled to recover under a cause of action based on facts never alleged in the complaint." *Id.*

As in *Murphy*, Plaintiff's Complaint falls drastically short of alleging the necessary facts of a breach of contract. Plaintiff does not contend that there was an offer and acceptance, alleges no definite and certain terms, and provides no basis for its assessment of damages. Plaintiff's Complaint asks this Court to interpret the terms of a contract in its favor without providing or alleging the terms of this contract. Even if the agreement was unwritten, "to be enforceable, an oral contract must contain terms which are definite and certain." *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

In addition to Plaintiff's failure to meet the burden of proof under applicable common law, Plaintiff's breach of contract claim fails to satisfy the Statute of Frauds. Pursuant to Illinois law:

> Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

810 ILCS 5/2-201

Plaintiff is claiming $150,000.00 in damages under Count II of the Complaint for breach of contract, an amount well over $500. Because Plaintiff neither attaches a written contract with Defendant nor alleges the existence of such a contract, the claim is barred by the Statute of Frauds.

**D.    Plaintiff's Complaint fails to allege the requisite facts under Illinois common law to claim that Defendant violated a bailee's duty of care, and the claim is barred by the statute of frauds.**

As with Plaintiff's breach of contract claim, a bailee's duties fall under the Illinois Uniform Commercial Code and therefore the Statute of Frauds. Although the breach of duty by bailee claim is technically in regards to the service of titling rather than the sale of trailers, the UCC still applies. In a mixed agreement involving both service and sales, "if the transaction 'was predominantly one for the sale of goods with services incidentally involved,' then the contract is governed by the UCC.'" *3Com Corp., v. Electronic Recovery Specialists, Inc.,* 104 F.Supp.2d 932, 936; *quoting Republic Steel Corp., v. Pennsylvania Engineering Corp.,* 785 F.2d 174, 181 (7th Cir. 1986). Here, MIDWEST sold Plaintiff seventeen (17) trailers, therefore the UCC and Statute of Frauds still apply.

Even if the Statute of Frauds did not apply, Plaintiff's allegation that Defendant breached his duty as bailee is insufficient. Pursuant to Illinois common law, "[a] bailment is defined as 'the delivery of goods for some purpose, upon a contract, express or implied, that after the purpose has been fulfilled they shall be redelivered to the bailor,

or otherwise dealt with according to his directions or kept [until] he reclaims them.'" *In Re: Midway Airlines, Inc.*, 383 F.3d 663, 671 (7th Cir. 2004); *quoting Spirit of Excellence, Ltd. v. Intercargo Ins. Co.*, 334 Ill.App.3d 136 (2002). Accordingly, "the elements necessary for a bailment include (1) 'an agreement by the bailor to transfer or deliver and the bailee to accept exclusive possession of goods for a specified purpose'; (2) 'the actual delivery or transfer of exclusive possession of the property of the bailor to the bailee'; and (3) 'acceptance of exclusive possession by the bailee.'" *Id.*

In the case at bar, Plaintiff alleges that in taking on the responsibility of titling the trailers, Defendant became a bailee and therefore owed a duty of care in accordance with such a role. Plaintiff's argument fails to contain the necessary elements of a bailment as is required under Illinois common law. Specifically, Plaintiff's Complaint makes no reference to the exclusive control or possession of the trailers or to a contract express or implied. As with Plaintiff's claim of a breach of contract, Count III of the Complaint is insufficiently pleaded. In constructing its argument, Plaintiff presumptuously burdens this Court with the task of assuming numerous imperative facts. Even if Plaintiff's Complaint were more thorough in its allegations, the allegation is barred by the Statute of Frauds.

## CONCLUSION

Plaintiff fails to plead the necessary facts to prove claims of a breach of contract, breach of fiduciary duty or a breach of duty by bailee. Consequently, Plaintiff's Complaint as to MIDWEST TRAILER REPAIR, INC. should be dismissed.

                MIDWEST TRAILER REPAIR, INC.

                By: _s/ J. Samuel Tenenbaum_____
                One of the attorneys for
                MIDWEST TRAILER REPAIR, INC.

J. Samuel Tenenbaum (IL#2808315)
Michael J. Gilmartin (IL# 6281797)
Chuhak & Tecson, P.C.
30 South Wacker, Suite 2600
Chicago, Illinois 60606
(312) 444-9300