**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| HIGHWAY COMMERCIAL SERVICES, INC. )<br>1250 Walcutt Road )<br>Columbus, Ohio 43228 )<br> )<br>         Plaintiff )<br> )<br>     -v- )<br> )<br> ) Case No.   08 C 3445<br> )<br>MIDWEST TRAILER REPAIR, INC. )<br>1900 West 43rd Street )<br>Chicago, Illinois 60609 )<br> )<br>         Defendants ) | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

    **NOW COMES** the Plaintiff, Highway Commercial Services, Inc., an Ohio Corporation, by and through legal counsel, and for its Response to Defendant's Motion to Dismiss Complaint states as follows:

I.  Introduction.

    In moving for dismissal defendant advances several arguments: that the complaint fails to properly plead a fiduciary relationship; fails to allege all the required elements of a contract claim or to allege the existence of a writing on which a contract claim may be based; and fails to plead the elements of the claim for a bailment.

    Defendant appears to conflate pleading standards of the state courts and the Federal Rules.  The latter approach requires only a short and plain statement showing that the plaintiff is entitled to relief.  Under the Federal Rules it is not necessary to detail the elements of each claims, citing facts in support for each, as it arguably would be under Illinois Rules of Civil Procedure.

Defendants also attack the complaint for failing to allege the existence of a written contract. The same arguments applies with equal force: it is sufficient at the pleading stage under the Federal Rules to allege the existence of a contract. Whether or not a contract exists at all, and whether that contract is written, oral or partly written and partly oral, is a matter for discovery and a later motion for summary judgment. In the interest of advancing the case, however, plaintiff supplies the writing as a exhibit to this brief.

II. Standard Applicable to Motion to Dismiss.

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 354 (3d ed.2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiffs favor. *Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1173 (7th Cir.1999); *Jang v. A.M. Miller & Assocs.,* 122 F.3d 480, 483 (7th Cir.1997). Further, the Federal Rules of Civil Procedure Rule 8(a) contemplates notice pleading. *Beltran v. Brentwood North Healthcare Center, LLC,* 426 F.Supp.2d 827, 830 (N.D. Ill., 2006).

Rule 8(a)(2) requires that the complaint contain "a short and plain statement...showing that the pleader is entitled to relief." Plaintiffs are only required to plead sufficient factual matter to show that the claim is 'plausible'. 'Plausible' in this context means that the right to relief is raised above the 'speculative level'. *Bell Atlantic Corp v Twombly*, 127 S Ct 1955 at 1965 (2007). Hence the 7th Circuit's opinion in *Airborne Beepers & Video, Inc. v AT&T Mobility, LLC*, 499 F3d 663 (7th Cir 2007) requiring plaintiffs to include sufficient fact to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id at 667.

In this case plaintiff had plead a comparative wealth of detail showing that it is entitled to relief:

"5.     In December 2005, Plaintiff and Defendant entered into and agreement whereby plaintiff wire-transferred to the account of the Defendant, Midwest Trailer Repair, Inc. ("Midwest"), the sum of one hundred sixty thousand five hundred twenty dollars ($160,520.00), and in April 2006, Highway wire-transferred to the account of Midwest the sum of one hundred sixty thousand five hundred twenty dollars ($160,520.00) for the purchase of seventeen (17) trailers. *In exchange for the payment and other consideration the agreement provided that Midwest would title the seventeen (17) trailers in the name of Highway.*
     6.     On or about September 30, 2005, Plaintiff, Highway Commercial Services, Inc., entered into a Master Vehicle Lease Agreement with Michael Zitis ("Zitis"), pursuant to the terms of which Plaintiff agreed to lease to Zitis, and Zitis agreed to lease and hire from Plaintiff, the tractors and trailers specified on Lease Schedule "A." A copy of the Vehicle Lease Agreement is attached hereto as Exhibit "A" and hereby made a part hereof.
     7.     Pursuant to the Vehicle Lease Agreement attached hereto as Exhibit "A," Michael Zitis, leased from Plaintiff, Highway Commercial Services, Inc., the seventeen (17) trailers that Highway Commercial Services, Inc. purchased from Midwest Trailer Repair, Inc. Copies of Lease Schedules "A" are attached hereto as Exhibits "B" and "C," and hereby made a part hereof.
     8.     *In contravention and total disregard of the agreement between Plaintiff and Defendant, Midwest Trailer Repair, Inc., released the titles to the seventeen (17) trailers to Michael Zitis, or to the Defendant, Freight Star Landlines, Inc.* Plaintiff has demanded that the Defendant, Midwest Trailer Repair, Inc. deliver to the Plaintiff the titles to the seventeen (17) trailers, showing Plaintiff, Highway Commercial Services, Inc., as the owner of the seventeen (17) trailers, but Defendant has failed and refused to deliver such titles to the Plaintiff." (Emphasis added).

Clearly plaintiff is alleging that Midwest undertook on behalf of plaintiff, and in consideration for plaintiff's purchase of considerable Midwest's inventory, not only to deliver the vehicles in question to Zitis/Landlines *but to title the trailers in the name of Highway Commercial*. When defendant failed to do so, and when Zitis /Landlines defaulted, and the vehicles were lost, this cause of action arose. Whether or not all of the elements of the various theories of recovery are alleged in the complaint is completely irrelevant under Rule 8(a)(2). What is important under the Federal Rules is whether after discovery the elements can be sustained. *Conley v Gibson* 355 US 41 at 44-45 (1957).

3

III. The Written Agreement and the Elements of the Bailment and Contract Claims.

Defendant alleges that the transaction was a sale of goods and as such is subject to the Uniform Commercial Code. Defendant further alleges that the contract is subject to the statute of frauds, and that plaintiff has failed to plead each element of the contract and bailment claims. This court does not need to reach the merits of the argument for two reasons. First of all, the complaint alleges the existence of a contract as well as (in the alternative) a bailment. As pointed out above, the allegation of the existence of a contract and a bailment agreement are sufficient under the Federal Rules of Civil Procedure. "Any decision declaring 'this complaint is deficient because it does not allege X is a candidate for summary reversal, unless X is on the list in Fed R Civ P 9(b)." *Vincent v. City of Chicago* 485 F3d 919, 923 (7th Cir 2007) quoting *Kolupa*, 438 F3d at 715.

Secondly, as defendant points out in their memorandum, this is not the first time these parties have been joined in litigation over this subject matter. In fairness, the prior case, which was filed in State Court in Ohio, removed to Federal Court and dismissed, seems not to have reached the merits. Nevertheless, one feels that at some point a minimal investigation would have taken place showing that a written agreement does exist. See Exhibit "A" attached hereto.

A writing is sufficient if it allows the court to ascertain the agreement of the parties, *Chicago Inv. Corp. v. Polins,* 93 Ill. App. 3d 971 (1 Dist., 1981). A written agreement complete on its face supercedes all prior agreements and bars introduction of evidence concerning any prior term or agreement *Magnus v. Lutheran General Health Care*, 235 Ill. App. 3d. 173 (1 Dist. 1992). Plaintiff submits that the attachment is sufficient evidence of a written agreement for the titling of the trailers and the creation of an agency and ultimately a fiduciary relationship as discussed below.

4

Defendants citation of older 7th Circuit cases should not obscure the fact that plaintiffs have pled a wealth of factual detail, and certainly an amount of detail sufficient to allow the defendant to draw the necessary conclusions that the plaintiff and defendant were contracting parties, that the terms of that agreement contemplated the purchase of certain vehicles from defendant but that defendant undertook as agent of plaintiff also to properly title those vehicles. Forcing the plaintiff re-plead its complaint to show a prima facie case for breach of contract, bailment and breach of fiduciary duty would only add to the expense of litigation in this case without appreciably advancing the policy of the Federal Rules with respect to notice pleading.

IV.  The Fiduciary Relationship.

Defendant correctly indicates that the general law of fiduciary relationships would lead this court to conclude that none exists under the facts at bar. Plaintiff, however, specifically pleads in Par. 12 as follows:

> 12. *Defendant Midwest at all relevant times was the agent of Plaintiff in the purchase of the trailers. Defendant owed a fiduciary duty to plaintiff* to ensure that title to the seventeen (17) trailers, was placed in the name of Plaintiff, Highway Commercial Services, Inc. (Emphasis added).

Again, the general rule governing 12(b)(6) motions is that the court should accept as true the allegations of the complaint. Here, plaintiff has alleged the existence of an agency relationship and a resulting fiduciary duty. If plaintiff is unable to provide proof of said relationship following discovery the matter would be subject to summary judgement. Dismissal under Rule 12(b)(6) is inappropriate.

For purposes of discussion, however, plaintiff states that agency is the relationship which results from (1) the manifestation of consent of one person to another that (2) the other shall act on his behalf and subject to his control, and (3) consent by the other so to act:

*Chalupiak v. Stahlman*, 368 Pa. 83, 81 A.2d 577 (1951); *Restatement (Second), Agency* § 1(1) (1958). Such agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary: *Rosenberg v. Cohen*, 370 Pa. 507, 88 A.2d 707 (1952)*; Restatement (Second), Agency* § 1, comments a and b (1958). 'The right of control by the principal may be exercised by prescribing what the agent shall or shall not do before the agent acts, or at the time when he acts, or at both.' UPDATE CITATIONS

The existence of an agency relationship places the parties in a wholly different legal world with respect to the duties owed.   "An agent owes its principal a fiduciary duty to treat the principal with the utmost candor, care, loyalty and good faith." *LaSalle Bank Lake View v. Seguban*, 937 F.Supp. 1309, 1324 (N.D.Ill.1996).  Thus, the requirement that Midwest fulfil its duty to its principal to carry out the principal's instructions in this matter by correctly titling the vehicles in question in the name of Highway Commercial.

V.  Conclusion.

Plaintiff has plead sufficient facts in its complaint to put defendant on notice as to the nature of the claim and its entitlement to relief.  Plaintiff has supplied additional facts herein and is prepared to amend its complaint if this court so orders.  However, plaintiff believes that additional pleading would not serve the interest of the court, and the parties in obtaining an expeditious resolution of this case.

WHEREFORE, Plaintiff, Highway Commercial Services, Inc., requests that his court deny defendant's motion; in the alternative grant plaintiff leave to file an amended complaint; and for such other and further relief as this Court deems to be fair and equitable.

Respectfully Submitted,
Law Offices of David T. Grisamore



David T. Grisamore, Esq.
53 W Jackson Boulevard, Suite 1643
Chicago IL 60604
Telephone:    (312) 913-3448
Facsimile:    (312) 913-3458
E-mail:       dgriz67@sbcglobal.net

EXHIBIT "A"

Nikki Byrd

From: Nicole Byrd [nbyrd@highwaycommercial.com]
Sent: Friday, December 09, 2005 4:13 PM
To: 'Sindia@midtrailer.com'
Subject: Zitis

Hi Sindia:

I got your fax - thanks.

The titles should read as follows:

OWNER:
    Highway Commercial Services, Inc.
    1250 Walcutt Road
    Columbus, OH  43228
    Federal ID: 31-1801086
    Leasing Dealer Permit: LD005881

1st LIENHOLDER:
    Fyda, Inc.
    1250 Walcutt Road
    Columbus, OH  43228

Yes--the lienholder and owner are the same physical address:)

We are set to wire $160,520.00 on 12/20/2005 per the wiring instructions you sent.

Thanks,
Nikki

Nicole Byrd
Asset Administrator
Highway Commercial Services, Inc.
614.851.0005
614.851.5032 fax



# FAX COVER SHEET

To: Highway Commercial         Date: 2/9/05
Attn: Nikki                    Fax No: 414-851-5032
From: Sindia Varela - Ext. 10  Pages: 1

COMMENTS:
Re: Freight Star Mike gittis

The information contained in this facsimile from Midwest Trailer Repair, Inc is confidential and privileged. This facsimile is intended to be reviewed by only the individual named above or his or her representative. If the reader of this facsimile transmission is not the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile and/or the information contained herein, is prohibited. If you have received this facsimile in error, please notify us immediately via telephone at (773) 579-1911 and return this facsimile to the sender at the address below. Thank you!

1900 W. 43rd Street, Chicago, Illinois 60609 • Phone: 773-579-1911 • Fax: 773-579-1199
website: midtrailer.com

12/09/2005 14:27 FAX                                                                   ⌀002/011



12/20/05

$100,520.00

NOTE: PLEASE CALL ME AT THE NUMBER LISTED BELOW IF YOU HAVE ANY QUESTIONS.   THANKS!

# WIRING INSTRUCTIONS FOR

Midwest Trailer Repair, Inc.
1900 W. 43RD ST.
CHICAGO, IL. 60609

773-579-1911 PHONE
773-579-1183 FAX

COLE TAYLOR BANK
CHICAGO, ILLINOIS
ROUTING NUMBER:
071000343
ACCT NUMBER:
0691-81330

1900 W. 43rd Street, Chicago, Illinois 60609 • Phone: 773-579-1911   x. 773-579-1183
website: mtrailer.com

Nikki Byrd

From: Nicole Byrd [nbyrd@highwaycommercial.com]
Sent: Friday, December 09, 2005 4:13 PM
To: 'Sindla@midtrailer.com'
Subject: Zitis

Hi Sindla:

I got your fax - thanks.

The titles should read as follows:

OWNER:

    Highway Commercial Services, Inc.
    1250 Walcutt Road
    Columbus, OH  43228
    Federal ID: 31-1801086
    Leasing Dealer Permit: LD005881

1st LIENHOLDER:

    Fyda, Inc.
    1250 Walcutt Road
    Columbus, OH  43228

Yes-.the lienholder and owner are the same physical address:)

We are set to wire $160,520.00 on 12/20/2005 per the wiring instructions you sent.

Thanks,
Nikki

Nicole Byrd
Asset Administrator
Highway Commercial Services, Inc.
614.851.0005
614.851.5032 fax

12/09/2005 14:28 FAX  ☐ 001/011



# FAX COVER SHEET

To: Highway Commercial       Date: 2/9/05
Attn: Nikki                  Fax No: 414-851-5032
From: Sindia Varela - Ext. 10    Pages: 1

COMMENTS:
Re: Freight Star Mike Zitis

The information contained in this facsimile from Midwest Trailer Repair, Inc is confidential and privileged. This facsimile is intended to be reviewed by only the individual named above or his or her representative. If the reader of this facsimile transmission is not the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile and/or the information contained herein, is prohibited. If you have received this facsimile in error, please notify us immediately via telephone at (773) 579-1911 and return this facsimile to the sender at the address below. Thank you!

1900 W. 43rd Street, Chicago, Illinois 60609 • Phone: 773-579-1911 • Fax: 773-579-1193
website: midtrailer.com

12/09/2005 14:27 FAX                                                                  ☒002/011



12/30/05

$100,520.00

NOTE: PLEASE CALL ME AT THE NUMBER LISTED BELOW IF YOU HAVE ANY QUESTIONS.   THANKS!

# WIRING INSTRUCTIONS FOR

Midwest Trailer Repair, Inc.
1900 W. 43RD ST.
CHICAGO, IL. 60609

773-579-1911 PHONE
773-579-1183 FAX

COLE TAYLOR BANK
CHICAGO, ILLINOIS
ROUTING NUMBER:
071000343
ACCT NUMBER:
0691-81330

1900 W. 43rd Street, Chicago, Illinois 60609 • Phone: 773-579-1911 • Fax 773-579-1183
website: mtrailer.com