IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIGHWAY COMMERCIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 3445 |
| | ) | |
| v. | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| MIDWEST TRAILER REPAIR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge.

Following a bench trial and post-trial briefing, on May 16, 2011, this Court entered a Memorandum Opinion and Order that found in favor of plaintiff Highway Commercial Services, Inc. ("plaintiff") on its claims for breach of contract and breach of duty by bailee, and awarded it damages in the amount of $105,542.50. *Highway Comm'l Servs., Inc. v. Midwest Trailer Repair, Inc.*, No. 08 CV 3445, 2011 WL 1883055 (N.D. Ill. May 16, 2011). Currently before this Court is a "motion to reconsider" filed by defendant Midwest Trailer Repair, Inc. ("defendant"), as well as the bill of costs filed by plaintiff. For the reasons set forth below, defendant's motion to reconsider [112] is denied, and plaintiff's bill of costs [109] is granted in part and denied in part.

## DISCUSSION

### A. Defendant's Motion to Reconsider

Defendant filed its two-page motion on June 20, 2011, over a month after this Court issued its post-trial ruling. Notably, defendant's motion fails to identify the Federal Rule of Civil Procedure under which it seeks relief from that ruling. That failure is unsurprising. Since no judgment has yet been entered in this case, it is unclear

whether the present motion could be a motion to "reconsider" in the first instance, as courts in this Circuit treat such motions as ones for relief from judgment. *See, e.g., Alexian Bros. Med. Ctr. v. South Lorain Merchants Ass'ns Health & Welfare Plan*, No. 98 C 559, 2000 WL 1305522, at *4 n.2 (N.D. Ill. Sept. 13, 2002).

In addition to defendant's failure to identify the applicable Federal Rule, much less the governing legal standard, defendant also fails to include a single citation to the record in support of the arguments raised in its motion. At the end of the day, however, the standards for evaluating a motion to reconsider are well-known, and defendant's motion utterly fails to meet them.

A motion to reconsider will only be granted:

> where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Alexian Bros. Med. Ctr.*, 2000 WL 1305522, at *4 (*citing, inter alia, Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.[1]

---

[1] Had this Court already entered judgment prior to defendant filing its motion, depending on the timing of defendant's filing, the governing Federal Rule might have been Rule 52(b), Rule 59(e), or Rule 60(b). Ultimately, however, the issue is academic in this case, as defendant's motion fails to meet any potentially applicable standard for "reconsideration" of our May 16, 2011 ruling. *See, e.g., RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 920 (N.D. Ill. 2002) ("Post-trial motions [under Rules 52(b) or 59(e)] serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. Such motions are not vehicles to introduce new evidence that could have been presented at trial. Nor are they intended to serve as an opportunity to tender new legal theories for the first time.") (citations omitted); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) (Rule 60(b)'s

2

Defendant argues that this Court should reconsider its May 16, 2011 Memorandum Opinion and Order because our "analysis is flawed both in the timing of when the damages occurred as well as in the calculation of the amount [of damages]." (Mot. at 1.) However, each reason offered by defendant in support of those arguments merely rehashes positions that defendant previously took (or could have taken) and that this Court soundly rejected. "[M]otions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005); *accord In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments"). In the absence of any argument actually qualifying as a basis to grant "reconsideration," this Court will not discuss defendant's reasons any further, and stands by its findings and conclusions set forth in its May 16, 2011 ruling. Defendant's motion to reconsider [112] is denied.

B. **Plaintiff's Bill of Costs**

Federal Rule of Civil Procedure 54(d) sets forth the general rule that costs, other than attorneys' fees, "shall be allowed as of course to the prevailing party," except as otherwise provided by statute or in the rules. *Ochana v. Flores*, F. Supp. 2d 941, 944 (N.D. Ill. 2002) (*quoting Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002)). The proper measure of those costs is set forth in 28 U.S.C. §1920. *Tideman v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000). The costs explicitly

---

specified and limited grounds for reconsideration apply only "in exceptional circumstances" necessitating an "extraordinary remedy").

allowed by §1920 are: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for copies of materials "necessarily obtained for use in the case;" (5) docket fees; and (6) compensation of court appointed experts and interpreters.

Under Rule 54(d), there is a "strong presumption that costs will be awarded to the prevailing party." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). "However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs." *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *1 (N.D. Ill. Mar. 15, 2002) (*citing Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1994)). Additionally, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Here, plaintiff seeks recovery for the following: (1) $350.00 for fees of the clerk; (2) $125.00 for fees for service of summons and subpoena; (3) $4,399.42 for transcripts; and (4) $167.83 for photocopying fees [109]. In response, defendant objects to only two transcript-related charges [*see* 110]. However, even as to the unchallenged costs, we must still ensure that each proposed cost is allowed under §1920, is reasonable, and is necessary to the litigation. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur.... [I]tems proposed by winning parties as costs should always be given careful scrutiny.").

1.  **Clerk Fees**

Section 1920(1) authorizes a court to tax the filing fee paid to the Clerk of Court. Consequently, plaintiff may recover from defendant the $350.00 it paid to initiate this action [see 1 - Docket Text: "Filing fee $350"]. *E.g., Koneff v. Nyang'iti*, No. 07 C 3283, 2009 WL 5215595, at *1 (N.D. Ill. Dec. 29, 2009).

2.  **Summons and Subpoena Service Fees**

Recovery of summons and subpoena service fees is also authorized under §1920(1). *See Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). Regardless of who effected those services, such fees cannot exceed $55.00 per hour or portion thereof, the fee charged by the United States Marshals Service for service of process. *See Specht v. Google Inc.*, No. 09 C 2572, 2011 WL 2565666, at *4 (N.D. Ill. June 27, 2011); 28 C.F.R. § 0.114(a)(3).

Plaintiff seeks a total of $125.00 for "service of summons and subpoena." However, plaintiff attaches no corresponding invoices to its bill of costs, or otherwise indicates what was served, how long service took, or the amount charged per hour for service. Accordingly, the Court cannot determine if the fees sought are reasonable. Although service costs "occasionally are denied in their entirety when a party fails to set forth the hours worked and rates charged by private process servers, the more prevalent course is to simply award $55 per served person, the minimum amount charged by the Marshal." *Serwatka v. City of Chicago*, No. 08 C 5616, 2011 WL 2038725, at *3 (N.D. Ill. May 24, 2011) (surveying cases). In this case, pursuant to §1920(1), we award plaintiff the minimum charged by the Marshal's Service for a single service of process, $55.00.

### 3. Transcript Fees

Pursuant to §1920(2), fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" are awardable to the prevailing party. Under Northern District of Illinois Local Rule 54.1(b), the cost of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. N.D. Ill. L.R. 54.1(b). The applicable rates pursuant to the Judicial Conference for transcripts requested on or after November 1, 2007 include $3.65 per page for the original of an ordinary transcript, $4.25 per page for the original of a fourteen day transcript, $4.85 for the original of an expedited (seven day) transcript, and $0.90 per page rate for a copy to each party.[2]

A court awards deposition transcript charges if the taking of the deposition appears reasonably necessary in light of the facts known at the time of the deposition. *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). The determination of necessity must be made "without regard to intervening developments that render the deposition unneeded for further use." *Id.* Additionally, reasonable court reporter attendance fees also are recoverable under §1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir.1998) ("even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. §1920(2)"). However, the court reporter's attendance fee may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed the applicable page rate

---

[2] See http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited July 26, 2011).

established by the Judicial Conference. *Higbee v. Sentry Ins. Co.*, No. 97 C 1349, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004).

As noted above, plaintiff seeks a total of $4,399.42 in transcript charges. However, the transcript invoices attached to plaintiff's bill of costs reflect a total of $4,230.15 in charges. Without any documentation to support the $169.27 difference, we decline at the outset to award that amount to plaintiff. As for the invoices themselves, they reveal a number of charges that, while for the most part are not challenged by defendant, are not recoverable by plaintiff under the applicable law. As a result, we address the charges associated with each deponent in turn.

With respect to the $419.50 in charges related to the original transcript of Sindia Varela's deposition, we find that plaintiff may recover a total of $317.55. Ms. Varela's deposition consisted of 87 pages, and Sofiak Reporting Services charged $3.50 per page as well as an attendance fee of $115.00. However, that attendance fee, when added to the per page rate charged, makes the total charge per page exceed the $3.65 maximum established by the Judicial Conference. As a result, we conclude that the maximum plaintiff may recover is $3.65 per page, which for 87 pages totals $317.55. *Higbee*, 2004 WL 1323633, at *2.

With respect to the $965.15 in charges related to copies of Kenneth Browning's deposition transcript, we find that plaintiff may recover a total of $204.30. First, we agree with defendant that plaintiff appears to seek charges related to two copies of that transcript, but may only be awarded charges for one. *See* N.D. Ill. L.R. 54.1(b) ("Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for

depositions, the copy provided to the court shall be allowed."). Plaintiff provides no explanation as to why it has submitted two invoices reflecting transcript copy charges for Mr. Browning.[3] As a result, we decline to award what appear to be $232.90 in duplicative copy charges.

We also find that plaintiff may not recover the $5.00 "Delivery & Handling" fee, the $25.00 "Condensed Transcript" fee, or the $25.00 "E-Transcript File" fees associated with charges for the first copy of Mr. Browning's deposition transcript. *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003) (costs associated with delivery, shipping, or handling transcripts are ordinary business expenses and are not recoverable under §1920); *Garcia v. City of Chicago*, No. 08 C 5354, 2010 WL 4134996, at *1 (N.D. Ill. Oct. 12, 2010) ("As a general rule, the costs of condensed transcripts are not taxable because they are not necessary to litigation and are merely for the convenience of an attorney."); *Engate, Inc. v. Esquire Dep. Servs. LLC*, Case No. 01 C 6204, 2006 WL 695650, at *1 (N.D. Ill. Mar.13, 2006) (fees charged by court reporters for electronic copies of deposition transcripts are, unless a party shows otherwise, considered to have been obtained for counsel's convenience).

Further, we refuse to award plaintiff $53.00 for what appears to be the cost of photocopying exhibits used during Mr. Browning's deposition (212 pages at $0.25 per page). In addition to that per page charge being higher than what courts in this district have found to be reasonable (more on that below), plaintiff has failed to allege, much less show, that those copies were prepared for anything but its convenience, and thus

---

[3] Invoice Number 331339 lists the transcript copy for "Keith" (as opposed to "Kenneth") Browning. We assume that error to be inadvertent and immaterial to the issues pending before us.

their cost is not recoverable. *Higbee*, 2004 WL 1323633, at *1; *Thayer v. Chiczewski*, Nos. 07 CV 1290, 07 CV 1406, 2010 WL 3087447, at *9 (N.D. Ill. Aug. 4, 2010). Finally, Invoice Number 331340 indicates that plaintiff sought "Three to Five Day Delivery" of that transcript copy, thereby incurring a charge of $90.80 on top of the $2.35 charged per page. However, because plaintiff has provided no explanation as to why an expedited copy was necessary, we decline to award it any more than $0.90 per page pursuant to the Judicial Conference's applicable copy rate.

With respect to the $431.50 in charges related to a copy of Nicole Byrd's deposition transcript, we find that plaintiff may recover a total of $120.60. For the reasons discussed above, we will not award plaintiff the $53.60 "Three to Five Day Delivery" and $2.35 per page charges, or the $25.00 "Condensed Transcript," the $13.00 "Exhibits, copied," or the $25.00 "E-Transcript File" charges. Instead, we award plaintiff $0.90 per page for the copy of Ms. Byrd's 134-page deposition transcript.

Regarding the $432.95 in charges related to the original transcript of Robert Tannenbaum's deposition, plaintiff may recover the $382.95 sought for that 111-page transcript, as the $3.45 per page rate charged is less than the applicable maximum rate of $3.65. However, for the reasons discussed above, we will not award plaintiff the $25 "Condensed Transcript" or the $25 "E-Transcript File" charges associated with that deposition.

As for the $249.80 in charges related to a copy of Patricia DePaola's deposition transcript, defendant asserts that the entire amount should be disallowed because Ms. DePaola's transcript was "not used in the trial of this Court [sic]" and that Ms. DePaola was not "at all material to the trial of this matter." (Def.'s Objection at 1.) Tellingly,

however, defendant does not assert that Ms. DePaola's deposition was not "reasonably necessary" at the time it was taken. According to plaintiff's summary judgment exhibits, in response to defendant's Rule 30(b)(6) deposition notice to plaintiff's parent company Fyda Freightliner Columbus, Inc. ("Fyda"), Fyda designated Ms. DePaola as its Rule 30(b)(6) representative. (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at Ex. C - P. DePaola Dep. Tr. at 5 [52-8].) At the time of her deposition, Ms. DePaola served as Fyda's controller and treasurer, as well as plaintiff's treasurer. (*Id.* at 13-14.) Based on our brief review of her deposition transcript, we cannot conclude that her deposition was not "reasonably necessary" at the time it was taken. As a result, we refuse to disallow all charges associated with that transcript copy. However, for the reasons discussed above, we will award plaintiff the applicable copy rate of $0.90 per page, not the $2.35 charged, which at 83 pages amounts to $74.70. Further, and again as set forth above, we will not award plaintiff the $25 "Condensed Transcript," the $25 "E-Transcript File," or the $4.00 "Exhibits, copied" charges.

As for the $666.50 in charges related to the original transcript of Joshua Tannenbaum's deposition, we find that plaintiff may recover a total of $434.35. That deposition consisted of 119 pages, and Sofiak Reporting Services charged $3.50 per page as well as an attendance fee of $195.00. However, that attendance fee, when added to the per page rate charged, makes the total charge per page exceed the $3.65 maximum established by the Judicial Conference. As a result, the maximum plaintiff may recover is $3.65 per page, which for 119 pages totals $434.35. We will not award the $25 "Condensed transcript/index" or the $30 "E-Transcript" charges.

With respect to the $949.75 in charges related to the original transcript of

10

Michael Zitis' deposition, we conclude that plaintiff may recover a total of $678.90. That deposition consisted of 186 pages, and Sofiak Reporting Services charged $3.50 per page along with an attendance fee of $243.75. We will not award the full amount of that attendance fee, as it would make the total charge per page exceed the $3.65 maximum. Instead, plaintiff may recover $3.65 per page. Again, we will not award the $25 "Condensed transcript/index" or the $30 "E-Transcript" charges.

Finally, we conclude that an attendance charge related to the scheduled but no-show deposition of Jeanette Gradford is allowable. *See Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at *4 (N.D. Ill. Feb. 15, 2011) (*citing Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir.1988) ("no-show deposition costs are incidental expenses that fall within §1920(2)"). Plaintiff evidently served two subpoenas on Ms. Gradford to appear for her deposition. (*See* Pl.'s Mot. for Additional Ltd. Disc. ¶ 4(l) [45].) Based on the evidence adduced at trial, it is clear that Ms. Gradford was involved in the facts underlying this case and that her testimony would likely have been relevant to various issues. *See, e.g., Highway Comm'l Servs., Inc.*, 2011 WL 1883055, at **5-6, 8, 11. However, we do not believe plaintiff is entitled to the full attendance charge of $115.00. Plaintiff has cited no authority establishing the reasonableness of such an amount. Instead, in accordance with another court in this district, we conclude that an award of $85.00 is more in line with an appropriate no-show charge. *Franzen v. Ellis Corp.*, No. 03 C 0641, 2004 WL 421954, at *3 (N.D. Ill. Feb. 12, 2004).

4.  **Photocopying Fees**

Pursuant to §1920(4), charges for "the exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"

are recoverable. As a result, charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See, e.g., Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). Under §1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide "the best breakdown obtainable from retained records." *Id.* A charge of $0.13 per page is within the range of $0.10 to $0.20 per page that courts have found to be reasonable in this district. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) (granting request for copy costs charged at $0.15 per page); *Askew v. City of Chicago*, No. 04 C 3863, 2006 WL 1005167, at *3 (N.D. Ill. Apr. 12, 2006) (same).

Here, plaintiff seeks $167.83 in copying costs. Plaintiff submitted two invoices from Landmark Legal Solutions in connection with those costs. Each invoice states the quantity of pages copied, reflects a per page copy charge of $0.13, and describes the items copied as "Level C Black and White." Unfortunately, while the per page amount charged is reasonable under the authorities just cited, plaintiff has not provided this Court with any description of the type(s) of documents copied. The copy service's invoice description does not reveal whether the copies were discovery- or court-related, as opposed to those made for attorney convenience. As a result, because we cannot determine whether the copies were necessary for use in this matter, we decline to award plaintiff any of the copying charges sought. *E.g., Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *5 (N.D. Ill. Oct. 30, 2002) ("Defendants' invoices describe the

per-page rate and total price, but in the absence of a more detailed affidavit or some other reliable verification that the copied documents were necessary to presenting evidence to the court, the court declines to tax defendants' deposition and trial exhibit costs."); *Koneff*, 2009 WL 5215595, at *2 (refusing to bill defendant for plaintiff's copying charges where plaintiff did not provide any breakdown of the copying).

**CONCLUSION**

For the foregoing reasons, defendant's motion to reconsider [112] is denied. Pursuant to Fed. R. Civ. P. 58, the Clerk is directed to enter final judgment in this matter as follows. Judgment shall be entered in favor of plaintiff and against defendant on plaintiff's claims for breach of contract and breach of duty by bailee. Judgment shall be entered in favor of defendant on plaintiff's breach of fiduciary duty claim. Plaintiff is awarded damages in the amount of $105,542.50. Pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. §1920, plaintiff's bill of costs [109] is granted in part and denied in part. Plaintiff is awarded costs in the amount of $2,703.35 as the prevailing party in this action. Pursuant to 28 U.S.C. § 1961, plaintiff is entitled to post-judgment interest from the date of judgment through the date on which defendant satisfies the judgment. Finally, following the entry of judgment, the Clerk is directed to terminate this case from the Court's docket.

It is so ordered.

ENTERED:

*[signature]*

MICHAEL T. MASON
United States Magistrate Judge

Dated: July 26, 2011